IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TONY DIAZ, ) | |
|     Petitioner, ) | Case No. 7:22-cv-00240 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| UNITED STATES OF AMERICA, ) | Chief United States District Judge |
|     Respondent. ) | |

## MEMORANDUM OPINION

Tony Diaz, a federal inmate proceeding pro se, commenced this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241. Diaz challenges the validity of a federal sentence imposed by the United States District Court for the District of Massachusetts. The respondent has moved to dismiss the petition for lack of jurisdiction. ECF No. 8. In light of the Supreme Court's recent decision in Jones v. Hendrix, 599 U.S. ___, 143 S. Ct. 1857 (2023), the court will grant the respondent's motion and dismiss the petition without prejudice.

## Background

In 2005, a jury found Diaz guilty of possession of a firearm by an illegal alien, in violation of 18 U.S.C. § 922(g)(5). Based on Diaz's prior convictions, the trial court determined that he qualified for sentencing under the Armed Career Criminal Act ("ACCA"). He received an enhanced term of imprisonment of 262 months. See United States v. Diaz, No. 1:04-cr-10274 (D. Mass.), ECF No. 61. On March 7, 2008, the United States Court of Appeals for the First Circuit affirmed his conviction and sentence. Id., ECF No. 71; United States v. Diaz, 519 F.3d 56 (1st Cir. 2008).

On September 28, 2009, Diaz filed a motion to vacate under 28 U.S.C. § 2255. Diaz, No. 1:04-cr-10274, ECF No. 74. The motion was denied on September 21, 2012. Id., ECF No. 117. Diaz appealed the decision, but a certificate of appealability was denied by the First Circuit on April 8, 2019. Id., ECF No. 125.

On January 8, 2016, Diaz filed a second § 2255 motion based on the Supreme Court's decision in Johnson v. United States, 576 U.S. 591 (2015). Id., ECF No. 128. The motion was dismissed without prejudice for lack of authorization on April 26, 2016. Id., ECF No. 139. On May 5, 2017, the First Circuit denied Diaz's motion for leave to file a second or successive § 2255 motion. Id., ECF No. 149.

Diaz is currently incarcerated at USP Lee in Lee County, Virginia. On May 4, 2022, he filed the instant petition under 28 U.S.C. § 2241. In the petition, Diaz seeks to be resentenced based on the Supreme Court's decision in Borden v. United States, 593 U.S. ___, 141 S. Ct. 1817, 1822 (2021), in which the Court interpreted the ACCA's definition of "violent felony" to exclude crimes that require only a mens rea of recklessness. Relying on Borden, Diaz claims that the trial court must "vacate its finding that [he] committed [his] current offense in connection with a crime of violence." Pet., ECF No. 1, at 8.

The court previously stayed the case pending the Supreme Court's decision in Jones v. Hendrix. After the Supreme Court issued its decision, the court lifted the stay, and the respondent moved to dismiss the petition. Diaz has not responded to the motion to dismiss, and the time for doing so has expired.

## Discussion

"As a general matter, a federal prisoner must challenge the execution of a sentence under 28 U.S.C. § 2241, and the sentence itself under 28 U.S.C. § 2255." Fontanez v. O'Brien, 807 F.3d 84, 86 (4th Cir. 2015). A prisoner's ability to utilize § 2255 is limited, however, when the prisoner seeks to file a "second or successive" motion. Pursuant to § 2255(h), such motions are barred unless that are certified by a panel of the appropriate court of appeals to contain either (1) "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). "A federal prisoner may not, therefore, file a second or successive § 2255 motion based solely on a more favorable interpretation of statutory law adopted after his conviction became final and his initial § 2255 motion was resolved." Jones, 143 S. Ct. at 1863.

Section 2255 also includes a "savings clause" that preserves the availability of a habeas remedy "in cases where 'the remedy by motion is inadequate or ineffective to test the legality of [a prisoner's] detention.'" 28 U.S.C. § 2255(e). In Jones, the Supreme Court was presented with the question of whether the limitation on second or successive § 2255 motions makes § 2255 "inadequate or ineffective" such that a federal prisoner may proceed with a statutory claim under § 2241. 143 S. Ct. at 1863. The Court answered this question in the negative, holding that "the savings clause does not authorize . . . an end-run around" the "two—and only two—conditions in which a second or successive § 2255 may proceed" as described in

3

§ 2255(h). Id. at 1868. Instead, the savings clause "preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." Id.; see also id. at 1866 (providing examples of such "unusual circumstances" including "the sentencing court's dissolution"). Thus, "[t]he inability of a prisoner with a statutory claim to satisfy [the] conditions [of § 2255(h)] does not mean that he can bring his claim in a habeas petition under the savings clause. It means that he cannot bring it at all." Id. at 1869.

In the current action, Diaz seeks to collaterally attack the validity of his sentence based on the Supreme Court's decision in Borden. "Because Borden is a statutory interpretation decision, § 2255(h) does not permit [him] to file a successive § 2255 motion, and Jones forecloses the possibility of filing a § 2241 habeas petition via § 2255(e)." Hogsett, 72 F.4th at 821. As indicated above, the mere fact that Diaz's claim does not satisfy either of the requirements for filing a second or successive § 2255 motion does not "make[] § 2255 'inadequate or ineffective' such that [he] may proceed . . . under § 2241." Jones, 143 S. Ct. at 1863. Additionally, Diaz has not identified any "unusual circumstances" that would make it "impossible or impractical for [him] to seek relief from the sentencing court." Id. at 1868. Consequently, his petition does not satisfy the savings clause of § 2255, and he cannot proceed with his claim under § 2241.

## Conclusion

For the reasons stated herein, the court **GRANTS** the respondent's motion to dismiss, ECF No. 8, and **DISMISSES** Diaz's petition without prejudice for lack of jurisdiction. An appropriate order will be entered herewith.

Entered: September 7, 2023

*Michael F. Urbanski*
Digitally signed by Michael F. Urbanski  Chief U.S. District Judge
Date: 2023.09.07 10:34:23 -04'00'

Michael F. Urbanski
Chief United States District Judge

5